UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| TRAVIS SCOTT GILLIAM, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 2:21-CV-197-KAC-CRW |
| NURSE CARMON, JOHN DUGGER, BUTCH GALLAN, RONNIE LAWSON, DOCTOR MATTHEWS, TONY ALLEN, LT. WOODS, MEDICAL STAFF, NURSE EMMA, and GERALD T. EDISON,[1] | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Travis Scott Gilliam, a Tennessee Department of Corrections prisoner housed in the Hawkins County Jail, filed (1) a pro se complaint under 42 U.S.C. § 1983 alleging that he has been denied medical treatment and a medical furlough during his incarceration [Doc. 2], (2) a motion for leave to proceed *in forma pauperis* [Doc. 1], (3) a motion for Court intervention in a "Life[-]Threatening Medical Emergency" [Doc. 3], (4) two motions to appoint counsel [Docs. 5, 12], (5) a "Motion to Add Additional Exhibits, And Documents, [and] Statements" [Doc. 7], (6) his inmate trust fund account statement [Doc. 8], (7) a second motion to amend his complaint with the proposed amended complaint and exhibits [Docs. 11, 11-1, 11-2], and (8) a "Letter of Advisements" [Doc. 14]. As an initial matter, the Court construes Plaintiff's motion for Court intervention in a "Life[-]Threatening Medical Emergency" [Doc. 3] as part of the complaint

---

[1] While Plaintiff named this Defendant as "Geral T. Edison" in his complaint [Doc. 2 p. 1], he named this Defendant as "Gerald T. Edison" in at least one subsequent filing [Doc. 7 p. 1], and the Court takes judicial notice that this subsequent spelling appears to be correct. https://www.tncourts.gov/sites/default/files/OPINIONS/tcca/PDF/053/Livingston.pdf (last visited April 27, 2022). Accordingly, the Clerk is **DIRECTED** to update the spelling of this Defendant's name on the Court's docket.

because Plaintiff filed this motion with the complaint and the motion contains factual allegations related to the complaint. Also, the Court construes Plaintiff's "Motion to Add Additional Exhibits, And Documents, [and] Statements" [Doc. 7] as a motion to amend the complaint because he states in the motion that he seeks to add additional exhibits and documents to his complaint [*Id.* at 1]. However, the Court does not construe Plaintiff's "Letter of Advisements" [Doc. 14], which sets forth factual allegations regarding Plaintiff's recent medical treatment and other events, as a motion to further amend the complaint because that filing does not indicate any intent to amend the complaint with or through the filing [Doc. 14]. Next, the Court addresses the substance of Plaintiff's relevant filings.

I. **MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS*

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] and his inmate trust fund account statement [Doc. 8] that he is unable to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* will be **GRANTED**.

Because Plaintiff is incarcerated in the Hawkins County Jail, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Market Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding

month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this Memorandum Opinion and the accompanying Judgment Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. These documents shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. MOTIONS TO APPOINT COUNSEL

Plaintiff filed two motion to appoint counsel [Docs. 5, 12]. In his first motion, Plaintiff states that he needs counsel to "have a fair tr[ial]" [Doc. 5 p. 1]. In his second motion, he seeks counsel for "representation and help with" this case, including specifically gathering documents and witnesses, and he states that he cannot access the law library and a kiosk box is unavailable [Doc. 12 p. 1]. However, "[a]ppointment of counsel in a civil case is not a constitutional right" but a privilege "justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (quoting *Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983)). A court determines whether "exceptional circumstances" exists based on the type and complexity of the case, and the plaintiff's ability to represent himself. *Id*. at 606.

Plaintiff's claims are not particularly complex in law or fact, and his filings in this case demonstrate that he can competently represent himself. Also, while Plaintiff states that he cannot access a law library or kiosk, he does not state that he does not have access to any legal resources. And because Plaintiff cited legal resources in his complaint and other filings [*see*, *e.g.*, Doc. 1 p. 1, Doc. 11-1 p. 7, 8], it appears that he does have access to legal resources. Therefore no

3

exceptional circumstances exist warranting appointment of counsel in this matter, and Plaintiff's motions to appoint counsel [Docs. 5, 12] will be **DENIED**.

### III. MOTIONS TO AMEND THE COMPLAINT

As liberally construed, Plaintiff filed two motions to amend his complaint [Docs. 7, 11]. In the first motion, he sets forth allegations that appear to be related to his original complaint [Doc. 7 p. 1–3], then sets forth new allegations regarding events unrelated to his original complaint [*Id.* at 3–7]. In his second motion, he seeks to add numerous allegations unrelated to his original complaint [Doc. 12].[2]

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend a complaint "as a matter of course" within twenty-one days *after* service, or within twenty-one days *after* service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Otherwise, Rule 15(a)(2) states that "in all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff filed his motions to amend *before* service on Defendants or service of a responsive pleading and nothing in the record indicates that Plaintiff obtained Defendants' consent to amend his complaint. As such, Plaintiff must have leave of Court to amend his complaint. *See id.*

However, the Court previously notified Plaintiff that it "[would] not consider any amendments and/or supplements to the complaint or any other kind of motion for relief until after the Court has screened the complaint pursuant to the Prison Reform Litigation Act" and "[would] automatically deny any requests to amend or supplement the complaint and/or motions filed before the Court has completed this screening" [Doc. 6 p. 2]. Plaintiff did not head the Court's warning.

---

[2] Plaintiff also filed a letter containing allegations about incidents during his confinement [Doc. 9]. However, Plaintiff does not seek to amend his complaint in this letter [*Id.*]. Moreover, even if the Court could liberally construe the letter to seek to amend the complaint, the Court would deny that request for the same reasons it will deny Plaintiff's motions to amend his complaint.

4

And it appears that Plaintiff mainly seeks to add claims that are unrelated to his original complaint against individuals he did not name as Defendants in his complaint, but such claims are not properly joined. *See* Fed. R. Civ. P. 20(a)(2) (providing that persons may only be joined in one action as defendants where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action"); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that Rule 20 does not permit plaintiffs to join unrelated claims against different defendants in one lawsuit). Thus, leave to amend is not warranted and Plaintiff's motions to amend his complaint [Docs. 7, 11] will be **DENIED**.

## IV. LETTER OF ADVISEMENTS

Plaintiff also filed a "Letter of Advisements" [Doc. 14], stating that on March 9, 2022, he saw a gastrointestinal doctor who advised him that he needed a scope as soon as possible due to his family history of colon and liver cancer and that it would take two weeks for Plaintiff to return for the scope [*Id.* at 1]. But when Plaintiff asked Defendant Nurse Carmon about his scope appointment on April 6, 2022, she stated that she had to reset that appointment [*Id.* at 1–2]. Plaintiff also sets forth various allegations regarding his stool and other symptoms he is experiencing, before noting that he is going to court this month and will again ask Defendant Judge Dugger for a medical furlough at that time [*Id.* at 2]. Plaintiff then asks this Court to intervene and obtain a medical furlough on his behalf [*Id.* at 2]. Finally, Plaintiff sets forth allegations regarding jail pictures and camera footage, as well as aggravated sexual assault [*Id.* at 2–3]. However, as the Court has previously noted, Plaintiff does not seek to amend his complaint in this filing, and

his request for a medical furlough is the same relief he seeks in his complaint. For the reasons set forth below, that complaint fails to state a claim for relief.

Moreover, even if the Court could liberally construe this as a motion to seek to amend the complaint, the Court previously notified Plaintiff that it would summarily deny any motions seeking to amend the complaint prior to the Court screening the complaint [Doc. 6 p. 2]. Moreover, even if the Court considered the allegations in the letter as part of Plaintiff's complaint, the Court would still dismiss the complaint for failure to state a claim upon which relief may be granted under Section 1983, because Plaintiff does not set forth any facts in this letter from which the Court can plausibly infer that the resetting of his appointment was due to any Defendant's deliberate indifference to his serious medical needs, as required to state a claim for violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (providing that a plaintiff must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" to state a cognizable claim for deliberate indifference in the medical context) (internal quotation marks omitted). Nor do these allegations allow the Court to plausibly infer that the medical care Plaintiff is receiving for his medical issues is "so woefully inadequate as to amount to no treatment at all," *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2001), or that any named Defendant has otherwise violated his constitutional rights. As such, granting leave to amend would be futile.

For these reasons, to the extent Plaintiff's "Letter of Advisements" [Doc. 14] could be construed as a motion to amend Plaintiff's complaint, it will be **DENIED**.

6
Case 2:21-cv-00197-KAC-CRW   Document 15   Filed 04/28/22   Page 6 of 13   PageID #: 83

## V.    COMPLAINT SCREENING

### A.    Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. §§ 1915(e)(2)(B); *see also Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B.    Complaint Allegations

According to Plaintiff, Defendant Nurses Carmon and Emma have refused him help and medical treatment [Doc. 2 p. 3]. Also, Defendant Dr. Matthews approved and recommended

7

emergency medical treatment for Plaintiff's life-threatening emergency, specifically in the form of a medical furlough, but a Judge, presumably Defendant Judge Dugger,[3] did not approve the furlough [*Id.* at 4]. Plaintiff's attorney, Defendant Gerald T. Edison, "has been blocking [him] as well," and Plaintiff has written to the Board of Professional Responsibility to have his attorney "removed and pay me back my [money]" [*Id.*]. Plaintiff is sick and "could have cancer" but "this place is refusing [him] medical treat[ment]," and unnamed jail officials refused to notarize his legal work [*Id.* at 5].

Also, in the motion for Court intervention in a "Life[-]Threatening Medical Emergency" [Doc. 3], which the Court liberally construes as part of the complaint, Plaintiff states that the medicines and medical treatments offered in the Hawkins County Jail are ineffective to treat his internal bleeding and that he has requested other and better medical treatments, but Defendant "Medical Staff" have not approved those requests [*Id.* at 1–2]. Plaintiff additionally claims that Defendant Medical Staff "will not get [him] to scheduled appointments," despite the fact that Defendant Judge Dugger issued a transport order requiring them to do so [*Id.* at 3].

Plaintiff has sued Nurse Carmon, Judge John Dugger, Butch Gallan, Sheriff Ronnie Lawson, Dr. Matthews, Tony Allen, Lt. Woods, Medical Staff, Nurse Emma, and Gerald T. Edison [*Id.* at 1, 3; Doc. 2 p. 1]. As relief, Plaintiff seeks a medical furlough so that he can go to the hospital and get help [Doc. 3 p. 6; Doc. 1].

C.  **Analysis**

"There are two elements to a . . . [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's

---

[3] While Plaintiff does not specify this Defendant as the judge who did not grant his medical furlough, he names this Defendant as the judge assigned to a criminal case against him [*Id.* at 2], and the Court takes judicial notice that Judge John F. Dugger is a criminal court judge in Hawkins County. https://www.tncourts.gov/courts/judges/john-f-dugger (last visited April 27, 2022).

8

conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)).  For the reasons set forth below, Plaintiff's complaint fails to state a claim upon which relief may be granted under Section 1983 as to any named Defendant.

**1. Defendants Gallan, Allen, Wood, and Lawson**

Plaintiff named Butch Gallan, Tony Allen, Lt. Wood, and Sheriff Ronnie Lawson as Defendants.  However, any liability as to these Defendants must be based on the individual conduct of the defendant, not his or her supervisory status alone.  *See Crawford v. Tilley*, 15 F.4th 752, 761 (6th Cir. 2021) (requiring "active involvement by the supervisor and causation" to establish a Section 1983 supervisory liability claim).  And Plaintiff has not set forth any factual allegations from which the Court can plausibly infer that any of these Defendants were actively involved in any action that caused a violation of Plaintiff's constitutional rights.  Therefore, the Court will **DISMISS** Defendants Gallan, Allen, Wood, and Lawson.

**2. Defendants Nurse Carmon and Nurse Emma**

Plaintiff generally alleges that Defendants Nurse Carmon and Nurse Emma have refused to help him and denied him medical treatment, but he provides no facts to support these conclusory statements.  Without sufficient facts, that Court cannot plausibly infer that these Defendants have violated Plaintiff's constitutional rights.  Thus, Plaintiff has failed to "nudge[] [these claims] across the line from conceivable to plausible" as to these Defendants.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (holding that "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a plausible claim for relief).  Therefore, the Court will **DISMISS** Defendants Nurse Carmon and Nurse Emma.

9

### 3. Defendant "Medical Staff"

The Court is troubled by Plaintiff's allegations that he is unable to get appropriate treatment in the Hawkins County Jail and that Defendant "Medical Staff" will not approve better treatment or transport him to medical appointments, despite Defendant Judge Dugger issuing a transport order. But because "Medical Staff" does not have a corporate or political existence, it is not a "person" subject to liability under Section 1983. *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding that "medical departments are not 'persons' under § 1983" because they have no "corporate or political existence"). And Plaintiff does not allege in his complaint that any other named Defendant was personally involved in these alleged failures. Moreover, because it appears that Defendant Judge Dugger has entered at least one order in Plaintiff's underlying criminal case requiring jail officials to transport Plaintiff to medical appointments, Plaintiff may be able to pursue his allegation that jail officials have failed to comply with that transport order in his criminal case. Therefore, the Court will **Dismiss** Defendant "Medical Staff."

### 4. Defendant Dr. Matthews

Plaintiff sued Defendant Dr. Matthews, but his complaint alleges only that this Defendant recommended that Plaintiff receive a medical furlough [Docs. 2 at 4]. Plaintiff does not allege that Defendant Dr. Matthews denied him medical care or otherwise set forth any facts from which the Court can plausibly infer that this Defendant violated Plaintiff's constitutional rights. Therefore, Plaintiff has filed to state a claim, and the Court will **DISMISS** Defendant Dr. Matthews.

### 5. Defendant Gerald T. Edison

Plaintiff also sued his attorney, Defendant Gerald T. Edison. But Defendant Edison, in his capacity as Plaintiff's attorney, is not a "state actor" under Section 1983. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of

10

the court, a state actor 'under color of state law' within the meaning of § 1983"). And Plaintiff has not provided any other facts from which the Court can plausibly infer that this Defendant was a state actor with regard to any violation of Plaintiff's constitutional rights. *See Tahfs v. Proctor*, 316 F.3d 584, 590–91 (6th Cir. 2003) (setting forth the relevant tests for whether a private party may be considered a state actor for purposes of Section 1983); *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (providing that "[t]he principal inquiry in determining whether a private party's actions constitute 'state action' under the Fourteenth Amendment is whether the party's actions may be 'fairly attributable to the state'" (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Therefore, Plaintiff has filed to state a claim, and the Court will **Dismiss** Defendant Edison.

### 6. Defendant Judge Dugger

Plaintiff seeks to hold Defendant Judge Dugger liable under Section 1983 because Judge Dugger allegedly did not grant Plaintiff a medical furlough, despite Dr. Matthews recommending one. However, the *Rooker-Feldman* doctrine prevents this Court from adjudicating cases "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). While Plaintiff does not explicitly say so, it appears that Defendant Judge Dugger denied Plaintiff's request for a medical furlough "on the merits" by determining that, instead of granting that specific relief, he would enter an order requiring jail officials to transport Plaintiff to his medical appointments [*See* Docs 1, 3]. Under these facts, the *Rooker-Feldman* doctrine prevents the Court from reaching the merits of Plaintiff's claim against Defendant Judge Dugger. *Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012) (providing that, where a state court decision "on the merits" of an issue is the

11

'source of the injury' the plaintiff alleges, *Rooker-Feldman* bars the claim, even if the state court decision is not a formal judgment or order) (quoting *Evans v. Cordray*, 424 F. App'x 537, 538 (6th Cir. 2011)).

Additionally, even if *Rooker-Feldman* did not bar the Court from considering this claim, the allegations in Plaintiff's complaint do not allow the Court to plausibly infer that Defendant Judge Dugger recklessly disregarded any serious risk of harm to Plaintiff. As such, the complaint fails to state a claim upon which relief may be granted under Section 1983 as to Defendant Judge Dugger. "An Eighth Amendment claim of inadequate medical care has both an objective and subjective component." *Crawford v. Tilley*, 15 F.4th 752, 761 (6th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-45 (1994)). The subjective component requires plaintiff to show that the defendant acted with "deliberate indifference" to his need. *See id.* (citations omitted). While Plaintiff alleges that Defendant Judge Dugger did not grant him medical furlough, Defendant Judge Dugger entered a transport order to ensure that jail officials transported Plaintiff to his medical appointments [*See* Doc. 2 p. 4; Doc. 3 p. 3]. Nothing in Plaintiff's complaint suggests that Plaintiff cannot receive adequate treatment without a medical furlough, provided that jail officials take him to his medical appointments. And while Plaintiff alleges that jail officials have not complied with Defendant Judge Dugger's transport order, he does not allege that Defendant Judge Dugger is aware of any such non-compliance or otherwise suggest that Defendant Judge Dugger has been deliberately indifferent to Plaintiff's need. Therefore, the Court will **Dismiss** Defendant Judge Dugger.

Accordingly, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under Section 1983 as to any Defendant, and it will be

**DISMISSED**, and Plaintiff's motion for Court intervention in a "Life[-]Threatening Medical Emergency" [Doc. 3] will be **DENIED**.

## VI. CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to correct the spelling of Defendant Gerald T. Edison's name on the Court's docket;

2. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

3. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

4. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

5. The Clerk is **DIRECTED** to provide a copy of this Memorandum Opinion and the accompanying Judgment Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

6. Plaintiff's motions to appoint counsel [Docs. 5, 12] are **DENIED**;

7. Plaintiff's motions to amend his complaint [Docs. 7, 11] are **DENIED**;

8. Plaintiff's "Letter of Advisements" [Doc. 14], to the extent that it could be construed as a motion to amend Plaintiff's complaint, is **DENIED**;

9. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under Section 1983;

10. Accordingly, Plaintiff's motion for Court intervention in a "Life[-]Threatening Medical Emergency" [Doc. 3] is **DENIED** and this action is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

11. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER**.

ENTER:    s/Katherine A. Crytzer
          KATHERINE A. CRYTZER
          United States District Judge