# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | | |
|---|---|---|
| TRAVIS SCOTT GILLIAM, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:21-CV-197-KAC-CRW |
| NURSE CARMON, JOHN DUGGER, BUTCH GALLAN, RONNIE LAWSON, DOCTOR MATTHEWS, TONY ALLEN, LT. WOODS, MEDICAL STAFF, NURSE EMMA, and GERALD T. EDISON, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner confined in the Hawkins County Jail, filed a pro se Complaint and motion regarding his medical care and his attempts to obtain a medical furlough during his confinement [Docs. 2, 3[1]]. On April 28, 2022, the Court entered an order screening these filings and dismissing this action because the filings failed to state a claim upon which relief may be granted under Section 1983 [Doc. 15]. The Court also entered judgment in this matter, closing the case [Doc. 16]. Now before the Court is Plaintiff's May 9, 2022 "Motion to Amend" his Complaint [Doc. 17] and two "Letter[s] of Advisements" he filed with the motion [Docs. 17-1, 17-2]. For the reasons set forth below, the Court **DENIES** Plaintiff's motion [Doc. 17].

## I.  ALLEGATIONS

In his Motion to Amend his Complaint, Plaintiff states that he has discovered "information that leads him to believe that staff willingly and maliciously[,] as opposed to car[e]lessly or negligently[,] violated his rights" and that additional staff members were involved in the incident

---

[1] The Court liberally construed this motion to be part of the Complaint [Doc. 15 at 1-2].

underlying his Section 1983 Complaint [Doc. 17 at 1]. Plaintiff therefore states that he seeks to add certain individuals as Defendants and "to make a claim for punitive damages" [*Id.*]. Plaintiff then claims that he is still suffering from a life-threatening medical condition that causes him to bleed internally, that medical staff are not providing him proper medical care, and that the medicine and treatment that he has received in the Hawkins County Jail in the past did not help [*Id.* at 1-2].

Plaintiff further alleges that after he was "aggravated sexual assaulted [sic] and aggravated assaulted by the Hawkins County facility jail co-worker[]s," some Defendants and other individuals denied him relief under the Prison Rape Elimination Act ("PREA") and covered up this crime [*Id.* at 2]. Plaintiff additionally asserts that cameras will show he has been verbally abused, slandered, and physically abused [*Id.* at 3-4]. He further claims that he suffered a psychological breakdown due to the denial of medical treatment to him, cites the Eighth and Fourteenth Amendments, generally alleges due process and equal protection violations, and cites various cases [*Id.*]. Plaintiff also sets forth general allegations related to his claims and requests for relief and repeatedly notes that he seeks to amend his Complaint to add a claim for punitive damages under Federal Rule of Civil Procedure 15(c) [*Id.* at 3-5].

The title of Plaintiff's first "Letter of Advisements," indicates his intent to amend his Complaint under Rule 15(c) to add a claim for punitive damages and to add additional Defendants [Doc. 17-1 at 1]. Plaintiff then notes that he has filed two motions to amend his Complaint, that the Clerk filed the first of these motions on February 25, 2022, and that the second such motion is dated "4[^2]-24-2022" [*Id.*]. Plaintiff then lists a number of individuals he seeks to add as Defendants in this case and individuals he states are witnesses to events relevant to this case [*Id.* at 2].

[^2]: It appears that a "5" may be written under or over the first "4" in this date [*Id.*].

In his second "Letter of Advisements," Plaintiff expresses his intent "to update the Honorable Courts" regarding a recent court date that he did not attend [Doc. 17-2 at 1]. Plaintiff further states that he recently saw Doctor Matthews, who "didn[']t care about how much pain [Plaintiff] was in, all his concerns was [sic] writ[]ing [Plaintiff] another recom[m]endation[] for [a] medical furlough" [*Id.*]. According to Plaintiff, this is the second medical furlough recommendation in his medical file [*Id.*]. Plaintiff also states that while he was in the Hawkins County Jail facility on April 24, 2022, he attempted to show officers and medical personnel internal bleeding that was in his toilet [*Id.*]. However, after Plaintiff "waited for hours smelling it," Plaintiff called for Defendant Nurse Emma to come look at his toilet, but she ignored him [*Id.*]. Later on the same day, "Cpl Mosely" and Defendant Nurse Emma came by Plaintiff's cell, and Cpl. Mosely stopped and asked to see Plaintiff's toilet, but Defendant Nurse Emma did not [*Id.* at 1-2].

Then, an hour later, Cpl. Mosely returned to Plaintiff's cell with "Officer Davis," and Cpl. Mosely told Plaintiff to pack up to go into a "suicide cell" [*Id.* at 2]. Plaintiff replied that he was not suicidal, at which point Cpl. Mosely said "I'm not telling [you] again" [*Id.*]. Plaintiff then sat down on his bed and said "'C[]pl. Mosley I don[']t understand what[']s going on'" [*Id.*]. At that point, Cpl. Mosely grabbed Plaintiff by his arm and "ram[m][]ed [him] out of [his] cell . . . into the wall across the hall" while pushing him [*Id.*].

Also, on April 15, 2022, Defendant Gallan came to Plaintiff's cell [*Id.*]. Plaintiff asked Defendant Gallan why Plaintiff had not been back to see the gastrointestinal specialist, Defendant Gallan asked Plaintiff about his April 29th court date, and Plaintiff told Defendant Gallan about Defendant Dr. Matthews's recommendation that he receive a medical furlough and asked Defendant Gallan if he would agree with that recommendation [*Id.*]. Defendant Gallan said he would not be Plaintiff's "elbow counselor" but would vouch for Plaintiff [*Id.*]. Plaintiff then states

3

that he understands why Defendant Judge Dugger is off his case, and that his court date was moved to May 3, 2022, but he did not go because it was a state holiday [*Id.*]. Plaintiff also states that he will go back to court on May 16, 2022, to appear in front of Judge Pearson [*Id.*].

Plaintiff asks the Court to help him acquire a medical furlough and states that he needs to go to the hospital because his "rea[r] end" hurts and the facility will not give him anything for pain [*Id.*] He is "90 p[erc]ent sure [he] [has] some kind of cancer," and jail administration and doctors have recommended that he receive a medical furlough [*Id.*]. Plaintiff therefore requests that the Court "speed up the process" by reaching out to Judge Pearson to have him call jail administration and sign off on a medical furlough [*Id.* at 3].

## II.   LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its complaint without leave of court or the opposing party's written consent within twenty-one (21) days after serving the complaint, or within twenty-one (21) days after a responsive pleading has been served. Fed. R. Civ. P. 15(a)(1)-(2). Otherwise, a party must have the opposing party's written consent or leave of the court to amend his complaint. *See* Fed. R. Civ. P. 15(a). The Court "should freely give leave [to amend] when justice so requires." *Id.* In determining whether to allow an amendment, courts consider certain factors, including any "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" ("the *Foman* factors"). *Foman v. Davis*, 371 U.S. 178, 182 (1962). It is futile to permit a party to amend his complaint where the amended complaint would not survive a motion to dismiss. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005).

4

Absent leave of Court, this Court's Local Rules requires a plaintiff seeking to amend his complaint to file a complete proposed amended complaint that does not incorporate any prior pleading by reference. *See* E.D. Tenn. L.R. 15.1. A failure to file a complete proposed amended complaint is grounds to deny a motion to amend. *Id.* (providing in relevant part that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion").

In his filings, Plaintiff states that he intends to amend his Complaint under Rule 15(c). Rule 15(c) governs when an amendment to a pleading "relates back" to the date on which the pleading was filed and provides in relevant part:

> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
>> (A) the law that provides the applicable statute of limitations allows relation back;
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

As is also relevant here, Plaintiff filed his Motion to Amend under Rule 15 after judgment was entered against him. "Rule 15 requests to amend the complaint are frequently filed and,

5

generally speaking, freely allowed. But when a Rule 15 motion comes after a judgment against the plaintiff, that is a different story." *Leisure Caviar, LLC v. U.S. Fish & Wildfire Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). "Courts in that setting must consider the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Id.* Thus, "[w]hen a party seeks to amend a complaint after an adverse judgment . . . . the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Id.* Because Plaintiff filed his Motion to Amend the Complaint within twenty-eight (28) days of the Court's dismissal of this action, the Court considers the motion under Rule 59(e). *See* Fed. R. Civ. P. 59(e); *Bey v. Palmer*, No. 16-2790, 2017 WL 2820953, at *2 (6th Cir. May 23, 2017) ("We generally treat motions for reconsideration or other similar motions within twenty-eight days of the judgment as motions to alter or amend the judgment"). A court "may grant a timely Rule 59 motion to alter or amend judgment to correct a clear error of law; to account for newly discovered evidence or an intervening change in the controlling law; or to otherwise prevent manifest injustice." *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330 (6th Cir. 2014) (quoting *Doran v. Comm'r of Soc. Sec.*, 467 F. App'x 446, 448 (6th Cir. 2012)). However, Rule 59(e) cannot be "used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted).

III. ANALYSIS

As an initial matter, Plaintiff did not file a complete proposed amended complaint with his Motion to Amend, as required by this Court's Local Rules. *See* E.D. Tenn. LR 15.1. This alone is grounds for the Court to deny Plaintiff's motion. *Id.* But even if the Court overlooks Plaintiff's initial failure, the Court cannot receive his proposed amendments at this point in the litigation.

6

First, a number of Plaintiff's proposed amendments are deficient under Rule 59(e) because they are not based on newly discovered evidence or do not establish a manifest injustice. Second, for those proposed amendments that are potentially based on newly discovered evidence, amendment would be futile because Plaintiff's allegations would not survive a motion to dismiss. In performing its analysis, the Court examined all of Plaintiff's filings [Docs. 17, 17-1, and 17-2], even though Plaintiff's second "Letter of Advisements" does not indicate an intent to amend his Complaint based on the content of that letter [Doc. 17-2].[3] In assessing Plaintiff's proposed amendments that appear to be based on newly discovered evidence, the Court applies the same standard it applied in initially screening Plaintiff's Complaint [*See* Doc. 15 at 7].

A. **General Allegation of Newly Discovered Evidence and List of Proposed New Defendants**

First, as set forth above, Plaintiff alleges in his Motion to Amend his Complaint that he has newly discovered evidence to establish that various new individuals intentionally violated his rights [Doc. 17 at 1]. He appears to identify those new individuals who he seeks to add as Defendants in his first "Letter of Advisements" [Doc. 17-1 at 1]. However, Plaintiff does not state what this alleged newly discovered evidence is, nor does he provide any facts about the newly discovered evidence from which the Court could plausibly infer that it establishes that any individual (including previously-named Defendants) violated his constitutional rights. Accordingly, it would be futile for the Court to allow Plaintiff to amend his Complaint to add allegations regarding newly discovered evidence and/or new Defendants, because Plaintiff does

---

[3] To the contrary, Plaintiff states that his intention is to update the Court [*Id.* at 1]. And in the Court's Memorandum Opinion dismissing this action, the Court notified Plaintiff that it did not interpret a previous "letter of advisement" as a Motion to Amend the Complaint because Plaintiff did not indicate his intent to amend his Complaint [Doc. 15 at 2].

not support these proposed amendments with facts that would permit any claim to survive a motion to dismiss.

B.     **Deliberate Indifference to Plaintiff's Medical Condition**

Next, Plaintiff alleges in his most recent filings that he is still suffering from a medical condition that he believes is cancer, he is being denied medical care, medicines and other treatment he received at the jail in the past did not help, Defendant Dr. Matthews did not care about his pain at a recent appointment, and Defendant Nurse Emma recently ignored his request that she look in his toilet [Doc. 17 at 1-2; Doc. 17-2 at 1-2]. However, only those allegations regarding Plaintiff's recent interactions with Defendants Dr. Matthews and Nurse Emma appear to be based on newly discovered evidence, such that they could entitle Plaintiff to Rule 59(e) relief. Thus, the Court examines these allegations to determine whether allowing Plaintiff to amend his Complaint to include these proposed amendments would be appropriate under the *Foman* factors.

The United States Constitution does not guarantee a prisoner "unqualified access to healthcare." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). However, the denial of constitutionally adequate medical care violates the Eighth Amendment's[4] prohibition against cruel and unusual punishment, which proscribes acts or omissions that produce an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). "An Eighth Amendment claim of inadequate medical care has both an objective and subjective component." *Crawford v. Tilley*, 15 F.4th 752, 761 (6th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-45 (1994)). The subjective component requires plaintiff to show that the defendant acted with "deliberate

---

[4] Because Plaintiff is a convicted prisoner, *see* https://foil.app.tn.gov/foil/details.jsp (last visited December 5, 2022), the Court evaluates his claims under the Eighth Amendment, *see Brawner v. Scott Cnty.*, 14 F.4th 585, 591-96 (6th Cir. 2021).

8

indifference" to his need. *See id.* (citations omitted). Deliberate indifference requires a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839-40). A prisoner must demonstrate that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Allegations that a prisoner did not receive the medical treatment he wanted or received an inaccurate diagnosis are not sufficient alone to state a claim for violation of the Eighth Amendment. *See Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (holding that "[a] patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983"); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997) (finding "misdiagnoses, negligence, and malpractice" are not "tantamount to deliberate indifference"). Thus, where the prisoner received medical care, his disagreement with the adequacy of that care generally does not rise to the level of a constitutional violation. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1996) (noting that "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law"). But in rare circumstances, medical care can be "so woefully inadequate as to amount to no treatment at all," thereby violating the Eighth Amendment. *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2001). That is not the case here.

Plaintiff's filings establish that he saw Defendant Dr. Matthews recently, has seen a gastrointestinal specialist while in the Hawkins County Jail, and has received other treatment and medicines for his gastrointestinal condition during his confinement in Hawkins County Jail. Thus, Plaintiff proposed new allegations do not state a claim for violation of the Eighth Amendment.

9

*Darrah*, 865 F.3d at 372; *Gabehart*, 1997 WL at *2; *Westlake*, 537 F.2d at 860 n.5. Moreover, Plaintiff's allegations regarding Defendant Dr. Matthews's disinterest in his pain and Defendant Nurse Emma's disinterest in viewing the contents of his toilet do not allow the Court to plausibly infer that the medical care Plaintiff has been and/or is receiving for his medical issues in the Hawkins County Jail is so inadequate that it amounts "to no treatment at all." *See Alspaugh*, 643 F.3d at 169. Thus, permitting Plaintiff's proposed amendments against Defendants Nurse Emma and Dr. Matthews would be futile.

### C. New Excessive Force Claim

Plaintiff now seeks to assert that on April 24, 2022, "Cpl Mosely"[5] "ram[m][]ed" him into a wall outside his cell when he refused to pack up his belongings after Cpl. Mosely ordered him to do so [Doc. 17-2 at 2]. But this proposed amendment asserts a new excessive force claim against a new Defendant, and this new excessive force claim is unrelated to the claims Plaintiff brought in the filings the Court liberally construed as his original Complaint [Docs. 2, 3]. As the Court previously notified Plaintiff, Rule 20(a)(2) does not allow him to add unrelated claims against new Defendants to his Complaint [Doc. 15 at 4-5 (citing Fed. R. Civ. P. 20(a)(2) (providing that persons may only be joined in one action as defendants where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action") and *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that Rule 20 does not permit plaintiffs to join unrelated claims against different defendants

---

[5] In his Motion to Amend his Complaint, Plaintiff refers to Cpl. Mosely as a defendant in this case, but Cpl. Mosely was not listed as a defendant in the two filings from Plaintiff the Court liberally construed as his Complaint [Docs. 2, 3].

10

in one lawsuit))]. Moreover, allowing Plaintiff to amend his Complaint to bring a new claim against a new Defendant after the Court entered judgment against Plaintiff would be contrary to the legal interest in finality of judgments and expeditious litigation.[6] And amendment is not necessary to prevent manifest injustice. Thus, Plaintiff is not entitled to amend his Complaint to set forth his new excessive force claim against a new defendant after the Court has already entered judgment.

> D. PREA Allegations

Plaintiff also seeks to amend his Complaint to assert that various Defendants and other individuals have denied him PREA relief after a jail official sexually assaulted him in a manner that covers up the assault [Doc. 17 at 2]. But Plaintiff does not set forth any facts to support the conclusion that these allegations are based on newly discovered evidence, such that they could entitle Plaintiff to relief under Rule 59(e). And even if the Court assumes that these allegations are based on newly discovered evidence, allowing Plaintiff to amend his Complaint to make these allegations would be futile, because "courts have routinely held that PREA does not create rights enforceable by a private party in a civil action." *Violett v. King*, No. 3:19-CV-P524-CHB, 2019 WL 6709391, at * (W.D. Ky. Dec. 9, 2019) (citing *Krieg v. Steele*, 599 F. App'x 231, 232–33 (5th Cir. 2015) and *Montgomery v. Harper*, 5:14-CV-P38-R, 2014 WL 4104163, at *3 (W.D. Ky. Aug.

---

[6] Allowing Plaintiff to amend his Complaint to bring this claim would also be futile, because the allegations Plaintiff provides do not allow the Court to plausibly infer a violation of Plaintiff's constitutional rights. *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) ("An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim") (internal quotations admitted); *Hudson v. McMillian*, 503 U.S. 1, 6, 9 (1992) (providing that a court must consider "'whether force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm'" for purposes of determining whether a prison official has violated a prisoner's Eighth Amendment rights) (citations and quotations omitted).

11

19, 2014)); *see also Bensfield v. Murray*, No. 4:21-CV-P104-JHM, 2022 WL 508902, at *3 (W.D. Ky. Feb. 18, 2022) ("PREA does not create a private cause of action which can be brought by an individual plaintiff") (citations omitted).

Likewise, to the extent Plaintiff seeks to amend his Complaint to challenge (1) the fact that a grievance procedure is unavailable to him or (2) his inability to prosecute the unnamed person he alleges sexually assaulted him, any such proposed amendments would also be futile. *See Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (providing that a prisoner has "no inherent constitutional right to an effective prison grievance procedure"); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Thus, Plaintiff is not entitled to amend his Complaint to include his proposed PREA allegations.

### E. Verbal and Physical Abuse and Slander

Plaintiff also appears to seek to amend his Complaint to allege that unnamed jail officials have verbally and physically abused and slandered him [*Id.* at 3-5]. But he does not set forth any facts from which the Court can infer that these allegations are based on newly discovered evidence, such that they could entitle him to relief under Rule 59(e). Moreover, even if the Court assumes that these proposed amendments are based on newly discovered evidence, Plaintiff does not allege facts connecting any named Defendant to these allegations. Thus, these allegations fail to state a claim upon which relief may be granted under Section 1983. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under Section 1983). Further, Plaintiff's allegation of physical abuse is conclusory without applicable facts, and his allegations of verbal abuse and slander do not state cognizable

12

claims for relief under Section 1983. *See Faulkner v. Davidson Cnty. Sheriff's Off.*, No. 3:14-MC-00740, 2014 WL 3723205, at *2 (M.D. Tenn. July 24, 2014) (providing that "allegations of threats and verbal abuse do not state cognizable claims under § 1983") (citing *Williams v. Gobies,* 211 F.3d 1271, 2000 WL 571936, at *1 (6th Cir. May 1, 2000)); *Azar v. Conley*, 456 F.2d 1382, 1389 (6th Cir. 1972) (holding that "the Civil Rights Act does not give rise to a cause of action for slander"). Thus, Plaintiff is not entitled to amend his Complaint to set forth his allegations regarding verbal and physical abuse and slander.

### F. Remaining Allegations

Finally, as to the other remaining allegations in Plaintiff's most recent filings, Plaintiff has not set forth sufficient facts to allow the Court to conclude that he is entitled to relief under Rules 15 and/or 59(e) based on these allegations.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Amend his Complaint [Doc. 17].

**SO ORDERED.**

**ENTER:**

                                              s/ Katherine A. Crytzer
                                              KATHERINE A. CRYTZER
                                              United States District Judge